SEIU local 1984 CTW CLC. Thank you. Thank you. May it please the court, my name is Frank Garrison and I represent the appellants Patrick Doughty and Randy Severance. I would request three minutes of rebuttal time. Yes. Thank you. We request this court to reverse the judgment of the district court for the reasons set forth in our brief. Today I will address two points and we will rely on our briefs for the other arguments. First I would like to address the district court's ruling that union in this case, NH SEIU, had an affirmative good faith defense. We believe that the district court erred in finding that because there is no statutory authority for an affirmative good faith defense under section 1983. The Supreme Court has said on many occasions that when finding immunity or defense under section 1983, the court should look to the common law to find whether the party had that type of defense under section 1983. And in this case, the district court nor the union had provided any common law basis for that type of defense. Without that common law basis, we find that there is, we argue that there is just simply no congressional authority for it and the court erred. Now, even if there was a congressional authority for that kind of statutory defense, we would argue that the policy of section 1983, which is the second step in finding a defense under statute, would not suggest that the court should find that type of defense in this case. The purpose of section 1983, as the Supreme Court noted in Owen, is to compensate people for constitutional violations. In this case, applying that affirmative good faith defense, it left our clients without a remedy at all. Now, without an affirmative defense, can you help me with something? Take a case like Fuentes v. Chauvin. If you bring a section 1983 claim for a procedural due process violation for an attachment procedure, I take it if I'm seeking declaratory and injunctive relief, I don't have to show the lack of probable cause or malice in order to get relief under section 1983. If I can show that there was no pre-deprivation remedy and no notice, right? If you are seeking injunctive relief... Injunctive, injunctive... Section 1983 action, I want declaratory relief. Right. And I show that there was no notice and no pre-deprivation remedy, even though I don't have to say anything about malice or lack of probable cause, and I can get declaratory relief under section 1983, suing a private party, right? Yes. Now, if I sue for damages under section 1983, I do have to show probable cause and malice. No probable cause and malice, right? Under a wrongful attachment statute, yes. Okay. And that suggests to me that the common law there is being used to figure out the nature of the relief that is available to someone. Yes, Your Honor. Okay, that's different than determining the elements or whether there's a defense, because for bringing the claim, depending on the relief I bring, certain ways I bring the claim, just declaratory relief, I don't have to show those things. But now if I seek a different type of relief, damages, I do have to show those things. Yes, I think that's true, Your Honor. Why would that be equally true here? So I'm bringing a prospective injunction or a declaratory relief against the agency fee. I don't have to show anything. But now if we're trying to actually hold someone liable for damages, we would look around and see is there any analogous tort. There's no directly analogous tort to Fuentes v. Shevin, right? There's no malicious prosecution claim when I bring the declaratory action to Fuentes v. Shevin. There's no abuse of process or anything like that. I don't have to show malice. I can still get the relief. But when I seek damages, because it's a practical legal system, we think, gee, would it be fair to hold that person liable? The purpose of determining what the relief available under Section 1983, it doesn't specify. So we look to the common law to give us some guidance on that. And in that context, they've invented these limitations on getting damages. Why wouldn't we do a very similar thing here? What's the reason not to do that? Well, the reason, Your Honor, is because if you're looking to the elements of the tort... I just said that we're not. Because in Fuentes v. Shevin, when I bring the tort claim for declaratory relief, the elements do not seem to include a requirement of malice and probable cause, and no probable cause. The Supreme Court has said that 1983 is basically a tort statute. So damages will be different from declaratory relief. We acknowledge that. But in this case... Right, but I'm saying the elements of the tort don't seem to require a showing of malice and no probable cause. That's why I can get relief for a declaratory judgment without meeting those elements. Right. I'm just not understanding why that would defeat our claim for damages. Because when you do look at damages, you look to the elements of the tort. So, maybe I'm just not getting what you're saying, and I apologize. In Fuentes v. Shevin, the elements... If the elements included no probable cause and malice, I wouldn't be able to get a declaratory judgment without meeting those elements. If they were elements of the tort, I couldn't get any relief. Yet under the doctrine, it appears that I can get the relief of a declaratory judgment without showing those things. Which makes me think those things are entering into the equation only as a way of determining the type of relief that's available under Section 1983. And to get damages, it turns out, they seem to require you to show these other elements. Right, Your Honor. I wouldn't disagree with that. Because an action at common law for damages required additional things, the declaratory judgment is something separate from the damages action. Right. So what I'm saying here is what would be the reason they have looked... It's not as if the tort in a Fuentes v. Shevin case mirrors the common law so much that they apply the elements of a common law tort even to the action when it's seeking declaratory relief. But we are bringing in... Which means the analogies can be pretty poor. The analogies can be... So what I'm asking you here, why wouldn't I do the same thing, the same kind of practical concerns that were leading the court to require a showing of malice and probable cause in the context of an attachment case? Why wouldn't I do the same thing here since this looks so much like that? Well, first, we don't think it looks so much like that, Your Honor. If you look at cases like Manuel, the Supreme Court has said you look to the underlying constitutional violation, which would be a First Amendment violation here. Then you can look to the common law to see if there's similar tort actions. We don't think that there is in this case. We just don't think there's a common law analog for a First Amendment compelled speech and association violation. Well, what's the common law analog in Flinties v. Shuttle? Well, that is for declaratory judgment. The Supreme Court has said that because it's a tort statute, there's going to be different standards for different things. Declaratory judgment might have different elements than a tort action for damages. But that doesn't change the analysis when you're looking at what torts somebody has to prove under a Section 1983 claim to get damages. So Judge Barrett is trying to ask you, why doesn't it change the remedy that's available to you, though? I apologize, Your Honor. I just don't understand the question. So for different remedies, there are going to be different requirements. It's a tort statute, right, Section 1983. Your argument to us is this doesn't resemble Melissa's prosecution. This doesn't resemble abusive process. Yes. The exact same thing is true of the claim for declaratory relief in Flinties v. Shuttle. Right. So with respect to damages, magically they treat it as if it is now all of a sudden like an abusive process or Melissa's prosecution. But you could bring abusive process and Melissa's prosecution for declaratory relief also. I think that's true, Your Honor. I'm not following why I wouldn't do a very similar analysis here, because your only answer is why I shouldn't apply abusive process and Melissa's prosecution is this is different from that. But it's different from that in the same way that a tort for procedural due process violation in Flinties v. Shuttle is different. But that didn't stop the court from applying the analogy of the common law, which requires malice and probable cause, to the damages relief that was sought in the Flinties v. Shuttle claim. So it seems to me there's a very good reason to do the same thing here. No, I think there is some play in the joints when judges are determining what the elements of a constitutional violation or constitutional tort are. But we think the Supreme Court has said that in that analysis, there's certain things that a court should do. It should look to the underlying constitutional violation first. And then it should look to the common law to see if there's a similar type tort. In our case, there isn't a similar type tort like there was in the attachment cases where Melissa's prosecution or abusive process looked like a procedural due process claim. They keep saying that in their brief, and they seem right. It doesn't look like a procedural due process claim because you don't have to show malice or no probable cause to make out a procedural due process claim. No, I think that it completely distorts the analysis of what the Supreme Court has said when it comes to damages. So you look at the underlying constitutional violation. They said this in manual under the Fourth Amendment. And Hernandez in this court as well. So you look to the underlying constitutional violation, and then if you look to the common law and there's similar torts, then you can adopt elements of those torts for damages claims. But in our case, there just isn't a common law analog. So we think that you should look to the Constitution and what Jan has said in crafting the elements of the tort. I mean, it's not that we're saying that courts can't find certain common law analogs. But in the case of Wyatt, there was that, I mean, if you were going to sue somebody in tort before 1871, you would bring a malicious prosecution claim in the wrongful attachment scenario. And so the Supreme Court said that that tort looks an awful lot like what's going on here for this procedural due process violation. So the court can bring in those elements. But we just don't think that's right under our case because it's a First Amendment violation. We think the court should look to the First Amendment and Jan has in crafting those elements. Can you just say a little bit about conversion? So conversion, I mean, our whole argument is that there is no common law analog. So you should look to the First Amendment for determining what elements are required for our constitutional case. But we think conversion does, if the court feels compelled to look to a common law analog, we think conversion is the better analog. Is there any common law evidence that you could succeed on a conversion claim based on a retroactive change in the rule that authorized the taking of the property? Not putting in a retroactive change, but we do cite Giles v. Merritt. It's, I think, an 1879 case that says that money is, that taking somebody's money and converting it to your own use. You don't have any authority for a retroactive change grounding a conversion for it. No, Your Honor. Good afternoon. Leon Diane for the Defendant Union. May it please the court. There's a reason why there's an extraordinarily broad consensus among the circuit and district courts going back decades and continuing through the decisions just last month by the Seventh Circuit for the proposition that private parties who invoke presumptively valid state laws are not subject to monetary damages as a remedy under Section 1983. And the reason is this. Even those justices who, in the Lugar case, embraced a reading of Section 1983's under-color-of-state-law clause that was broad enough to reach private parties whose state action consisted simply of invoking state statutes. Even those justices recoiled at the basic injustice of holding that type of private party liable in damages where there was no fault. So in Lugar, the case that sort of extended private party liability in the first place, right then in the same breath, there's that footnote 23 where the court says that the concerns of the dissent, which were about the basic fairness we're talking about today, Justice Powell's dissent, the majority said those are legitimate concerns. There is a problem. It's a problem that should be dealt with through a defense. And then, lo and behold, Wyatt picks up that same idea, again, not reaching the issue because there was an error of qualified immunity issue there, but all of the lower courts since follow where the court in Lugar and Wyatt was pointing. Just for my assistance on the analytics of this, there's three different terms that are being thrown around, and I'm having trouble disentangling them. One is elements, one is defense, and one is remedy. I'm just trying to figure out what is the good faith thing relevant to? Is your claim that it's an element of the tort? Because if it is, then it should be invariant as to relief. If it's a defense, it also should be invariant as relief. If it's instead a factor that determines whether you can get a certain form of relief under Section 1983, it would be dependent on the relief requested. It is precisely the last of those three. Is there a case that says that? Because the cases seem to say other things than that. Well, the defense is to liability. Liability of a certain form. Excuse me, let me be very clear. To damages. It is a defense to monetary damages liability, to be more precise. Thank you. And that is how the cases themselves all unfold, and I think Your Honor put the finger right on the essential fallacy with the plaintiff's position, the essential difference between us, which is that the argument that the plaintiffs have tried to make, which is that because malice and lack of probable cause are not elements of a First Amendment violation, they are therefore irrelevant even to monetary damages liability. And we responded to that point in our brief by saying exactly what the court has said. That was exactly and equally true in the case of all of the procedural due process cases that came before the court, including Wyatt and Lugar and then the early generation of appellate court decisions like Pinsky. You don't need to show malice or lack of probable cause to bring an injunction against a state statute that doesn't provide fair notice and procedural due process, and you can name a defendant, a private party, who you claim intends to invoke that unlawful statute in the future. You can sue them both together, and you can bring a successful procedural due process claim, just as you can bring a successful prospective claim of the kind here. What you can't do is hold the private party defendant liable in damages for conduct that the private party took in reliance on a state statute that was then presumed valid. So their answer to that seems to be in part just text, which is it says flat out in the statute, Section 983, at law, damages at law, right? So, I mean, one of the things you can sue for is for remedy at law. So one question is, well, that would include damages. So why should I be hunting around for some limitation on that textual shramp? I mean, the statute says that every person who, under color of law and so forth, subjects another person to the deprivation of rights shall be liable to the person, to the party injured in an action at law, suit in equity or other proper proceeding. It doesn't say exactly what those legal remedies are in the statute, and the logic of the plaintiff's position, if it were carried to its conclusion, would render all of the qualified immunity cases equally wrong. So there's no – They then say if there's a sufficiently clear common law recognition of a defense, then that applies. And so the question here that we've got a little bit of trouble with is since this is such an unusual action, it's not as if we knew all suits against officials were governmental wrongdoing, came with a common law of qualified immunity defense, according to the court. We know that's not true for conduct undertaken by private actors, according to the court. So what do we do? What structures the analysis for when I'm supposed to go hunting for a common law analogy, when I'm not? Do you see what I'm – Yeah. It just says at law. It doesn't tell me exactly what that means. It doesn't tell me what defenses might be available to the claim for damages at law. It seems like sometimes they apply an analogy to common law, like they did in the 20th v. 7 context, like they do in the Fourth Amendment false arrest cases. But why, when, how clear does it have to be, that kind of thing? I think the essential structure of the Supreme Court's jurisprudence about nontextual defenses to liability, and most of them are to – excuse me – to monetary damages liability, the structure is that the court asks the question, given that Section 1983 is not like ERISA, it's not a comprehensive and reticulated statute that says here are the specific causes of action, here's the three kinds of people who – you know, four kinds of defenses. Because it's a very general, majestic, broad statute, the court, going back to the 50s when it first recognized legislative immunity, asked the question, would the 1871 Congress likely have assumed and presupposed that a person in the position of this defendant would not be subject to damages liability for the particular action sued on? And the court continued that analysis, first with absolute immunity, but then extending it to qualified immunity in the Pearson v. Ray case, 1967 case against the police officer. Justice Brennan, writing for the majority in that case, pointed out, interestingly enough, that a police officer sued in 1870 would have a defense if there was probable cause. And then the court said, you know, it's very similar in kind that an officer should have a defense for relying on a presumptively valid state statute, which is what happened in that case. So the court is looking at whether there was a principle of justice, really, in 1870 that would be shocking or surprising for Congress to have abandoned silently. And if you look at it that way, then that is why I think there has been such uniformity. Because Justice Kennedy, I think, developed the point in the Supreme Court cases, in his concurrence in Wyatt, where he said that a common law, a private party relying on a presumptively valid state statute, was not responsible in damages for the consequences of earnestly following state law. And that is exactly what is going on here. There is no precedent for the idea. And I think the proper question to ask, by the way, is, I think the hypothetical the court should ask is, in 1870, what would be the consequences for a private party who didn't pick someone's pocket, who didn't abscond with property, you know, in the dark of night, converted to his own use? What would be the consequences if someone invoked a statute openly and honestly, sought and secured the approval of the government for the transfer of money or property in question, and did so in reliance on a state law that was presumed to be valid? Would that person in 1870 be subject to any kind of tort action for that innocent conduct? And I think the answer is no, or certainly there is no evidence that such a person would be found liable or that Congress would have assumed that such a person would be held liable. That's certainly the thrust of Justice Kennedy's concurrence in Wyatt. And the courts have all accepted that. Conversion is not a tort that typically involved a private party invoking or seeking authority from the government. Conversion is self-help. That's the paradigmatic conversion case. So, you know, that's why I think the conversion analogy does not work. I think the courts have been correct to look to the- You're not aware of any conversion case in which the conversion was found to result in damages because of a retroactive application of a change in law, I think? We haven't found any such cases like that. And I would suggest that the conversion tort isn't really the most analogous tort. There is admittedly no perfect tort because it wasn't essential or important to the conversion cause of action or really relevant whether the defendant was seeking lawful governmental authority before acting. And so that alone, I think, disqualifies conversion as the proper tort. The best torts, as most of the courts who have struggled with this issue have come to determine, is, I guess, either malicious prosecution or abusive process. In different states, those have somewhat different elements. But what they have in common is that they involve the situation where the defendant is looking for governmental assistance to accomplish a change in position between the defendant and the plaintiff. And if you leave out that element, then you're not being faithful to the unique nature of the 1983 constitutional tort. You know, our federal and constitutional system... You see, in fact, the elements of tort... Well, I think... The way you want me to think about it is just it's relevant only to the question of what is the defense that can be made to a certain form of relief. Yeah, I think the question is whether the consequences of the particular kind of conduct would have included payment of monetary liability as opposed to some prospective order to stop doing whatever it is that was found by the court to be offensive. So, you know, our position is that you have to look to torts where an element of... Where an aspect of what renders... Where an important feature of the tort, I'll put it that way, was invoking governmental process. And I think that's why it is logical. I think the Seventh Circuit was right to say malicious prosecution and abusive process are the right torts. Judge Barbadaro here did the same thing. Because if you don't factor in the invocation of the government... If you don't factor that in, you're really comparing apples and oranges. Because in our system of government, we normally encourage the person not to resort to self-help if they want to, you know, affect some change in the property relationships between themselves and someone else. We encourage them to do it through orderly process. The unions here didn't, as I said before, you know, there's no allegation that the unions on their own were trying to take money from agency fee payers. Had they done that, the Constitution wouldn't even be implicated. What they did is, through orderly processes of law, they bargained for and secured the right to these agency fees. So, I mean, that I think is the critical point. I think what makes this case a particularly strong case for application of a good faith defense is that here we, of course, weren't relying simply on a presumptively valid untested statute, which is what Justice Kennedy was talking about in Wyatt. We were relying on a tested statute analogous to the, you know, directly analogous to the Michigan statute that was declared valid. And then the other feature of this case that I think is important to keep in mind is that the unions weren't merely relying on, you know, statutes that had been declared valid by the highest court in the land. They were invoking statutes and using the money collected for the purpose and under a state law requirement that they use the money for the benefit of everyone in the unit, member and non-member alike. So it would be highly problematic, as the Seventh Circuit recognized  to say that, you know, a private party who relied on state law should disgorge monies that were used and expended already. They're not sitting in a vault, you know, so they can be returned. They've been used and expended for the, you know, under statutes that required the union to expend the money for the benefit of the very class that the plaintiffs are purporting to represent here. So, you know, my time is running out. I want to answer any questions if the court has others. Thank you. Thank you. I think, Judge Barron, there's a little bit of confusion about exactly what's going on with the elements and the defenses. The district court adopted Babb's reasoning, which said that there is an affirmative defense under Section 1983. It's similar to qualified immunity. It's an affirmative defense that says no matter what the plaintiffs can prove, the defense wins. It just cuts off liability based on reliance. So that is the first analytical bucket. We say that there is absolutely no statutory authority for that. Congress in 1871 could not have thought of that because it didn't exist. There was just no right defense in 1871. So that is, they are adopting an affirmative defense based purely on policy. We say that the court should not be doing that because that is Congress's job. If it doesn't think that that situation is fair, Congress can amend the statute. The second, now if you look at Justice Kennedy and Justice Rehnquist's dissent in Wyatt, they both talk about the elements of the claim. They're not talking about an affirmative defense that cuts off liability. And they talk about when we are cracking elements of a claim under Section 1983, we look to the common law. We determine whether the constitutional violation has a common law tort analog that looks like the constitutional violation. In our case, we say there isn't one. There just simply is no analog. So we think the court should look to the Constitution in determining the elements of the claim and follow Janus and overrule or, sorry, reverse the district order. The court could have done exactly that in the procedural due process context because the elements of the constitutional violation do not include malice or probable cause. And the court did not do that. Even though it was not obvious that the claim was for abuse of process, it was for procedural due process violation. But the court thought, no one is going to try to get damages against a private party for that. We should look and see whether that's the kind of thing Congress in 1871 would have expected. One way to test that proposition is let's look at some common law claims in which people sought money damages against people for how they used process. Even in those contexts, you could only get it when there was showing of malice or probable cause. So we'll apply that as a limitation for your ability to get that damages relief, even though that is not an element of the constitutional violation for which the tort is brought. No, I think that's exactly right. But I don't think they were doing it on pure policy basis. I think they were looking at the common law torts to determine what this kind of claim should have as its elements. And in malicious prosecution of abuse of process, I'm sorry, can we finish? Finish your thought. Okay. In malicious prosecution of abuse of process, those torts look an awful lot like a procedural due process claim. You're coming into court and you're not getting the process that's due. So we think those can be analogous. The First Amendment Compelled Speech Association claim just cannot. Thank you. Thank you all. All rise.